IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES C. DRUMMOND,**<br><br>      Plaintiff,<br>v.<br><br>**INLAND MARINE SERVICE, INC.,**<br><br><u>Serve at:</u><br>    Reg. Agt. David E. Hammond<br>    1700 Petersburg Rd.<br>    Hebron, KY 41048<br><br>and<br><br>**AMERICAN RIVER TRANSPORTATION COMPANY, LLC,**<br><br><u>Serve at:</u><br>    Reg. Agt. CT Corporation System<br>    208 So LaSalle St., Ste 814<br>    Chicago, IL 60604<br><br>and<br><br>**NATIONAL MAINTENANCE & REPAIR, INC.,**<br><br><u>Serve at:</u><br>    Reg. Agt. Richard S. Naugle<br>    401 S. Hawthorne Street<br>    Hartford, IL 62048<br><br>      Defendants. | Case No.  3:23-cv-781<br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## SEAMAN'S COMPLAINT

COMES NOW Plaintiff, Charles C. Drummond, and for his complaint against Defendants offers as follows:

### SUBJECT MATTER JURISDICTION

1. This case arises under Admiralty and Maritime Law.

2. The causes of actions asserted in this complaint arise under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States.

3. This case is before the Court pursuant to its diversity jurisdiction, 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties herein. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Admiralty and Maritime jurisdiction of this Court.

## PARTIES, VENUE AND CONDITIONS PRECEDENT

4. Plaintiff, Charles C. Drummond, is a citizen and a resident of Alabama.

5. Defendant, Inland Marine Services, Inc. ("INLAND"), is a Kentucky corporation.

6. Defendant, American River Transportation Company, LLC ("ARTCO"), is a Delaware limited liability company.

7. Defendant, National Maintenance and Repair, Inc. ("NATIONAL"), is an Illinois corporation.

8. At all times relevant hereto, Defendant, ARTCO, was the owner, operator, manager, and/or otherwise controlled and maintained the *M/V Cooperative Ambassador* ("Vessel"), a push boat that operates on the inland waterways of the United States. At all times relevant hereto, Defendant, INLAND, operated and/or managed the Vessel for ARTCO.

9. At all times relevant hereto, Plaintiff was employed by Defendant, INLAND, as chief engineer onboard the Vessel.

10. Insofar as Plaintiff was not formally employed by Defendant, ARTCO, or Defendant, NATIONAL, Plaintiff was a borrowed servant and subject to Defendant, ARTCO, and/or Defendant, NATIONAL's control.

11. The acts complained of herein occurred during April of 2020, while the Vessel was in navigable waters.

12. Venue is proper in the United States District Court for the Southern District of Illinois as the acts complained of occurred in this district.

## FACTUAL ALLEGATIONS

13. During April of 2020, the Vessel was undergoing maintenance and repairs at NATIONAL's shipyard on the Mississippi River at Hartford, Illinois. The maintenance and repairs included an overhaul of the Vessel's main engines. In connection with the overhaul, the paint in the engine room, the hallway from the generator room to the engineer's office, the tool room, laundry room and rudder room was stripped down to bare metal by Plaintiff utilizing a needle gun and a "crawler". Unbeknownst to Plaintiff, the paint on the Vessel was lead based and while stripping the paint, he was exposed to airborne lead particles when breathing. As a result, Plaintiff suffered and continues to suffer from lead poisoning.

## COUNT I
## JONES ACT NEGLIGENCE
## (AS TO ALL DEFENDANTS)

Plaintiff realleges, incorporates by reference and adopts Paragraphs one (1) through thirteen (13) as though originally alleged herein.

14. During April of 2020, Plaintiff was a seaman and a member of the crew of the Vessel, which was in navigable waters.

15. Defendants had a duty to provide plaintiff with a reasonably safe place to work. This duty included providing plaintiff with proper crew and equipment and to promulgate, implement and enforce safety rules and procedures so that plaintiff would not be unreasonably subject to injury.

16. Defendants breach their duty to provide plaintiff with a reasonably safe place to work.

17. Plaintiff's injuries were due to the fault and negligence of Defendants and/or their employees, agents, servants, and/or joint venturers as follows:

    a. Failure to provide Plaintiff with a reasonably safe place to work;

    b. Failure to provide Plaintiff with adequate equipment and/or safety devices;

    c. Failure to promulgate and/or enforce adequate policies and procedures concerning the inspection and maintenance of the Vessel and its equipment;

    d. Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff with fit, competent, proper and adequate machinery, crew and equipment;

    e. Failure to have competent crew, equipment and/or safety devices;

    f. Negligently operating and/or navigating the Vessel;

    g. Failure to provide Plaintiff with prompt, adequate and appropriate medical care which resulted in a worsening of plaintiff's conditions and the enhancement of his injuries; and/or

    h. other acts or omissions constituting a breach of the duty which are revealed through discovery.

18. At all times relevant hereto, Defendants negligently failed to determine the hazards on the subject Vessel, failed to eliminate the hazards, failed to modify the hazards and/or failed to properly warn of the hazards. All of the above caused Plaintiff's injuries.

19. As a result of the negligence of Defendants, Plaintiff was injured about his body and extremities, experienced physical pain and suffering, mental anguish, reasonable fear of

developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and his working ability and earning capacity have been impaired. The injuries and damages suffered are permanent or continuing in nature, and Plaintiff will continue to suffer these losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, interest and costs, all in amounts to be determined by the jury at trial.

## COUNT II
## UNSEAWORTHINESS
## (AS TO DEFENDANT ARTCO)

Plaintiff realleges, incorporates by reference and adopts Paragraphs one (1) through thirteen (13) as though originally alleged herein.

20. During April of 2020, Plaintiff was a seaman and a member of the crew of the Vessel, which was in navigable waters.

21. At all times relevant hereto, the subject Vessel was owned, managed, operated, controlled and/or maintained by Defendant, ARTCO.

22. As owner, Defendant, ARTCO, had absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

23. On or about the previously stated date, the unseaworthiness of Defendant's Vessel was the legal cause of Plaintiff's injury and damage by reason of the following:

    a. The boat was unsafe and unfit due to the conditions created by Defendant as follows:

      i.      Failure to provide Plaintiff with reasonable safe place to work;

      ii.      Failure to provide Plaintiff with a reasonably safe method to carry out his job duties;

      iii.      Failure to provide Plaintiff with adequate equipment and/or safety devices;

      iv.      Failure to provide Plaintiff with appropriate PPE;

      v.      Failure to provide Plaintiff and/or the Vessel's crew with adequate instruction, training, and/or supervision;

      vi.      Negligently operating and/or navigating the Vessel during a maneuver; and/or

      vii.      Failing to promulgate and/or enforce adequate polices and procedures concerning the inspection and maintenance of the Vessel and its equipment.

b.      The Vessel is not reasonably fit for its intended purposes;

c.      The Vessel did not have a proper fit and/or competent crew;

d.      The Vessel did not have adequate manpower for the task;

e.      All other means which the boat was not seaworthy or fit for its intended purposes which are revealed through discovery.

24.      As a result of the unseaworthiness of the subject Vessel, Plaintiff was injured about his body and extremities, experienced physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any

previously existing conditions therefrom, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and his working ability and earning capacity have been impaired. The injuries and damages suffered are permanent or continuing in nature, and Plaintiff will continue to suffer these losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, interest and costs, all in amounts to be determined by the jury at trial.

## COUNT III
## FAILURE TO PROVIDE MAINTENANCE AND CURE
## (AS TO EACH DEFENDANT)

Plaintiff realleges, incorporates by reference and adopts Paragraphs one (1) through thirteen (13) as though originally alleged herein.

25. During April of 2020, Plaintiff was injured while in the service of the Vessel as a crew member.

26. Plaintiff, as a seaman, is entitled to receive maintenance and cure from Defendants until Plaintiff reaches maximum cure. At all times relevant hereto, Defendant failed to provide Plaintiff any maintenance or cure. These failures continue to this day.

27. Defendants' above-described failure to pay Plaintiff maintenance and cure was willful, arbitrary, capricious, and callous such that Defendants are liable for attorney's fees and punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, attorney's fees, punitive damages, interest and costs, all in amounts to be determined by the jury at trial.

## COUNT IV
## NEGLIGENCE
## (AS TO DEFENDANT NATIONAL)

Plaintiff realleges, incorporates by reference and adopts Paragraphs one (1) through thirteen (13) as though originally alleged herein.

29. Defendant, NATIONAL, had a duty to provide plaintiff a safe place to work. This included a duty to ensure that plaintiff would not be subjected to poisonous or otherwise hazardous substances. NATIONAL had a duty to provide plaintiff with equipment including PPE that was appropriate for the work being done and the circumstances related thereto.

30. Defendant ARTCO breached their duty to Plaintiff, and Plaintiff was injured as a result thereof.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, interest and costs, all in amounts to be determined by the jury at trial.

**PLAINTIFF DEMANDS A TRIAL BY JURY IN ALL CLAIMS ASSERTED HEREIN.**

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr
Richard A. Voytas, Jr., #6279483 IL
7321 S. Lindbergh Blvd., Ste. 400
St. Louis, MO  63125
Phone: 314.380.3166
Email: rick@voytaslaw.com

*Counsel for Plaintiff*